**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL SILUK, JR.** | **:** | |
| **Petitioner** | **:** | **CIVIL ACTION NO. 3:20-0812** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **MARK GARMAN,** | **:** | |
| **Respondent** | **:** | |

**MEMORANDUM**

Petitioner, Michael Siluk, Jr., an inmate confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a conviction imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. Id. Presently before the Court is Respondent's partial response, seeking dismissal of the petition as barred by the statute of limitations. (Doc. 15). Although provided an opportunity to file a traverse, Petitioner did not file a traverse. The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely under the statute of limitations, see 28 U.S.C. §2244(d).

## I. Background

The factual and procedural background, extracted from the Pennsylvania Superior Court's October 10, 2018 Memorandum Opinion, is as follow:

> In 2001, Appellant was arrested and charged with multiple crimes stemming from sexual assaults he committed against several prostitutes. In November of 2002, a jury convicted him of four counts of rape, one count of involuntary deviate sexual intercourse, two counts of aggravated indecent assault, one count of sexual assault, one count of aggravated assault, two counts of robbery, and two counts of simple assault. On February 20, 2003, Appellant was sentenced to an aggregate term of 621 to 1260 months' (or approximately 52 to 105 years') incarceration. Pertinent to the present appeal, Appellant's sentence included flat terms of 10 years' imprisonment for one count of sexual assault and two counts of aggravated indecent assault. The court imposed those three flat sentences because each of the offenses carried a statutory maximum term of 10 years' incarceration[1], but Appellant was also subject to a mandatory minimum term of 10 years' imprisonment for each count pursuant to 42 Pa.C.S. §9714(a)(1) (Sentences for second and subsequent offenses).
>
> In support of these flat sentences, the trial court relied on **Commonwealth v. Bell**, 645 A.2d 211, 216-18 (Pa. 1994) (affirming a flat, five-year sentence where the mandatory-minimum sentence and the statutory-maximum sentence were both five years' incarceration).

[1] See 18 Pa.C.S. §3124.1 (grading sexual assault as a felony of the second degree); 18 Pa.C.S. §3125(a) (grading aggravated indecent assault as a felony of the second degree); 18 Pa.C.S. §1103(2) (stating that a person convicted of a second-degree felony may be sentenced to a term of incarceration "which shall be fixed by the court at not more than ten years")

Appellant filed a timely direct appeal from his judgment of sentence. After this Court affirmed on January 15, 2004, our Supreme Court denied his subsequent petition for allowance of appeal on October 13, 2004. **See Commonwealth v. Siluk**, 847 A.2d 761 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 860 A.2d 123 (Pa. 2004).

Over the ensuing years, Appellant filed, *inter alia*, several petitions for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546. Additionally,

> [i]n December [of] 2011, Appellant filed a petition in the Court of Common Pleas[,] which he labeled a "Petition to Correct and/or Modify Illegal Sentence Pursuant to the Court's Inherent Power to Correct an Illegal Sentence." In this filing, Appellant argued that the trial court illegally imposed the three individual flat sentences of ten years' imprisonment. Appellant argued that the trial court should modify the sentences to include a minimum and maximum of ten years. Further, Appellant alleged that the Department of Corrections [ (DOC) ] acted without authority and changed the relevant sentences to ten to twenty years' imprisonment.
>
> On January 11, 2012, the lower court entered an order denying Appellant's petition to modify his sentence, specifically finding that "the sentences imposed on the second degree felonies were mandated under 42 Pa.C.S. §9714 and lawful under ... **Bell** ...." Order, 1/11/12, at 1.
>
> On April 17, 2014, Appellant filed a petition for mandamus in the Commonwealth Court, requesting that the DOC be compelled to recalculate the relevant sentences to have minimum and maximum terms of ten years' imprisonment. In response, the DOC alleged it had authority to modify the sentence[,] as it previously had received a clarification letter from the sentencing judge indicating that the flat sentences should have been terms of ten to twenty years' imprisonment and confirming that its imposition of flat sentences was an obvious and patent mistake.

> On June 5, 2014, the Commonwealth Court dismissed Appellant's petition, reasoning that (1) the trial court has authority to correct clerical sentencing errors and (2) the DOC properly corrected the sentences to ten to twenty years' imprisonment based on the alleged clarification order from the trial court and the fact that the trial court subsequently denied Appellant's petition for modification of his sentence. **See Siluk v. Wetzel**, 524 M.D. 2013 (Pa. Cmwlth. 2014)**.** The Commonwealth Court did not acknowledge that the lower court's January 11, 2012 order stated that the flat sentences imposed were lawful under **Bell**. On February 17, 2015, the Supreme Court affirmed the Commonwealth Court's dismissal of Appellant's mandamus petition in a per curiam order. **See Siluk v. Wetzel**, 631 Pa. 285, 110 A.3d 993 (2014).
>
> On August 6, 2015, [Appellant] filed a petition for "clarification of sentence" in the Court of Common Pleas of Bedford County, arguing that it was illegal to change his flat ten-year sentences to sentences of ten to twenty years' imprisonment. On September 2, 2015, the lower court dismissed [Appellant's] filing, which it characterized as a PCRA petition, without a hearing. On August 9, 2016, this Court affirmed the dismissal of Appellant's filing as an untimely PCRA petition.
>
> On February 7, 2017, Appellant, while incarcerated at S.C.I. Rockview, filed [a] pro se Petition for Writ of *Habeas Corpus Ad Subjiciendum*, arguing that the DOC erroneously interpreted the sentence imposed by the trial court.

**Commonwealth v. Siluk**, No. 804 MDA 2017, unpublished memorandum at 3-5 (Pa. Super. filed Feb. 2, 2018) (hereinafter, "**Siluk I** ").

The trial court treated Appellant's February 7, 2017 petition for writ of habeas corpus as an untimely PCRA petition and denied it. On appeal to this Court, the panel in **Siluk I, supra**, first concluded that the trial court had erred by construing Appellant's habeas petition as a PCRA petition. The panel stressed that,

"Appellant's assertion of error is due to ambiguity in the sentence imposed," and, therefore, "it was appropriate for Appellant to seek *habeas* relief." **Siluk I**, No. 804 MDA 2017, unpublished memorandum at 7 (relying on **Commonwealth v. Heredia**, 97 A.3d 392, 394-95 (Pa. Super. 2014) ("If the alleged error [asserted in a petition] is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.") ).

The **Siluk I** panel also concluded that "there is ambiguity in the sentence that is currently in place." **Id**. at 8. Specifically, the panel noted that, while the trial court had relied on **Bell** to support the legality of Appellant's flat, 10-year sentences, the DOC claimed that the court had sent it a "clarification letter" stating that those sentences had been corrected to 10 to 20 years' incarceration. **Id**. Based on this ambiguity, the **Siluk** panel vacated the trial court's order denying Appellant's writ of habeas corpus and "remand[ed] to the trial court for clarification and/or correction of the sentence imposed." **Id**. Notably, however, the panel did not vacate any aspect of Appellant's judgment of sentence.

On remand, the trial court issued the March 14, 2018 order presently on appeal. In that order, entitled, "Amended Sentencing Order," the court "resentenced" Appellant on the at-issue counts to terms of 10 to 20 years' incarceration. Order, 3/14/18, at 1 (unnumbered). The court also noted that "[a]ll other sentences remain as imposed[,]" and Appellant's aggregate term of incarceration was unchanged. **Id**. at 2 (unnumbered).

Appellant filed the instant timely, *pro se* notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents 12 issues for our review:

I. Whether the lower court erred and violated the Double Jeopardy Clause by modifying Appellant's three flat sentences to ten to twenty[-]year sentences?

II. Whether the lower court erred [by] sentencing Appellant to an enhanced sentence for every crime of violence pursuant to 42 Pa.C.S.[ ] §9714, in a criminal episode?

III. Whether [ ] Appellant's designation as a Sexually Violent Predator [ (SVP) ] violates the federal and state constitutions [by] increasing the penalty [ ] Appellant is exposed to without the fact[-]finder making the necessary factual findings pursuant to **Alleyne v. United States**, 113 S.Ct. 2151 (2013)?

IV. Whether the evidence presented was insufficient to sustain the conviction for aggravated assault as charged in violation of the Fourteenth Amendment?

V. Whether the conviction for the crime of aggravated assault was the result of a constitutional amendment and/or variance to the crime charged in the information in violation of the Fifth, Sixth, and Fourteenth Amendments?

VI. Whether [ ] Appellant was denied a preliminary hearing in the case at 4199 CR 2001?

VII. Whether the district court erred in failing to dismiss the case at 4199 CR 2001, for lack of subject matter jurisdiction *sua sponte*?

VIII. Whether the lower court erred and violated Appellant's Sixth Amendment right to confrontation pursuant to **Crawford v. Washington**, 541 U.S. 36 (2004), by admitting the preliminary hearing testimony of Maria Houseworth at trial?

IX. Whether the lower court erred in holding that the case at 4199 CR 2001 was subject to compulsory joinder, and not dismissing the case for lack of jurisdiction, and/or improper venue?

X. Whether [ ] Appellant was denied his Fourteenth Amendment right to due process by the Commonwealth's failure to prove the dates of the crimes with reasonable certainty at 4197, and 4199 CR 2001?

> XI. Whether the lower court erred and committed reversible error by failing to give the jury a cautionary and[ ] limiting instruction when evidence of other crimes[,] wrongs[,] or bad acts were admitted at Appellant's trial as required by **Commonwealth v. Billa**, 555 A.2d 835 (Pa. 1989)?
>
> XII. Whether the District Attorney's Office committed prosecutor[ial] misconduct in violation of the Fourteenth Amendment by the suppression of evidence, failure to collect and preserve evidence, solicitation and use of known perjured testimony, failure to correct perjured testimony and knowingly and willingly lying to the district court to obtain an illegal arrest warrant?

(Doc. 15-6, Comm of Pennsylvania v. Siluk, 588 MDA 2018 at 1-3, ).

On October 10, 2018, the Pennsylvania Superior Court reversed the trial Court's March 14, 2018 order resentencing Siluk to 10 to 20 years' imprisonment for the three, at-issue counts and reinstated Siluk's original 2003 sentence, including his flat 10-year terms of incarceration for two counts of aggravated indecent assault and one count of sexual assault. Id. The Court refused to address Siluk's remaining claims, finding that "each involve challenges to his 2003 sentence, or allege errors that occurred at (or before) trial and, therefore, they are outside the scope of the present appeal." Id.

Siluk filed an appeal from the Pennsylvania Superior Court's October 10, 2018 reversal, to the Pennsylvania Supreme Court, which denied Siluk's

petition for allowance of appeal on May 14, 2019. (See Doc. 15-1 at 21, Criminal Docket Sheet).

On May 19, 2020, Petitioner filed the instant petition for writ of habeas corpus, in which he once again challenges his conviction and sentence imposed in the Centre Court of Common Pleas. (Doc. 1, petition). Specifically, Petitioner raises the following five grounds for review:

> 1. Aggravated assault conviction obtained in violation of the Fifth, Sixth and Fourteenth Amendments, due to the constructive amendment and/or variance to the information in the case at 4194-CR-2001.
>
> 2. Trial counsel was ineffective for failing to raise and litigate any issue relating to Petitioner's actual innocence of the aggravated assault charge in the case 419-CR-2001 where the record of the case and alleged victim's testimony established beyond a reasonable doubt that she was not struck with a hammer as alleged in the information and counsel admitted to forgetting to amend his statement of matters to include a challenge to the sufficiency of the evidence, and PCRA counsel was ineffective for failing to raise and litigate any issue of trial counsel's ineffectiveness in this regard.
>
> 3. Conviction obtained in violation of Petitioner's Sixth Amendment right to confrontation pursuant to Crawford v. Washington, 541 U.S. 36 (2004), where the trial court declared Maria Houseworth unavailable and admitted her preliminary hearing testimony.
>
> 4. The evidence presented at trial was insufficient to sustain the conviction for the crime of aggravated assault as charged in the case at 419-CR-2001.
>
> 5. The Superior Court violated Petitioner's Eighth and Fourteenth Amendment rights by reversing the trial court's March 14, 2018

> resentencing Order as patently illegal and directing the department of corrections to enforce Petitioner's original three flat sentences, which are just as patently illegal.

(Doc. 1, petition). For relief, Petitioner requests that this Court "vacate conviction and sentence for the crime of aggravated assault; vacate the rest of Petitioner's sentence; dismiss the case at 4199-CR-2001; suppress all evidence obtained as a direct result and/or indirect result of the illegal traffic stop; and vacate convictions and sentences in all cases." Id.

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A petition filed under §2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. §2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

On January 15, 2004, the Pennsylvania Superior Court affirmed Petitioner's judgment and sentence on direct appeal. On October 13, 2004, the Pennsylvania Supreme Court denied his subsequent petition for allowance of appeal. See Commonwealth v. Siluk, 847 A.2d 761 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 860 A.2d 123 (Pa. 2004). Petitioner's judgment became final on January 11, 2005, ninety days after his Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied. Wade v. Battle, 379 F.3d 1254, 1256 (11th Cir. 2004) (holding that a judgment of sentence becomes final for AEDPA purposes "when the ninety-

day period in which to seek *certiorari* from the United States Supreme Court expired”). The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on January 11, 2006. Therefore, the present petition, filed on May 18, 2021, is patently untimely by fifteen years.

However, the limitation period is not “an inflexible rule requiring dismissal whenever AEDPA’s one-year clock has run.” Day v. McDonough, 547 U.S. 198, 208 (2006). “Instead, the limitation period is subject to both statutory and equitable tolling.” Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 (3d Cir. 2013).

**A. Statutory Tolling**

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the “time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.” 28 U.S.C. §2244(d)(2). The Third Circuit Court of Appeals has defined “pending” as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

Petitioner’s PCRA history is set forth in Commonwealth v. Siluk, No. 1887 MDA 2015 (Pa. Super. Aug. 9, 2016) as follows:

On October 12, 2005, Siluk filed a timely PCRA petition. On January 30, 2006, the PCRA court dismissed the petition, and on March 6, 2007, this Court affirmed. Siluk did not file a petition for allowance of appeal in the Supreme Court. Additionally, Siluk filed multiple unsuccessful requests for post-conviction relief in December 2005, January 2006, April 2007, May 2008, March 2010 and December 2011.

Siluk argued in his December 2011 petition that (1) the trial court imposed illegal flat-term sentences of 10 years for three of his offenses (one count of sexual assault and two counts of aggravated indecent assault); (2) the court should have imposed minimum and maximum terms for each sentence, (3) the Department of Corrections ("DOC") changed the sentences to terms of 10-20 years' imprisonment, and (4) the court should change these sentences to include both a minimum and maximum of ten years (i.e., 10-10 years' imprisonment). On January 11, 2012, the court denied Siluk's petition on the ground that (1) imposition of flat ten-year sentences was a clerical error, and the sentences should have been mandatory minimum sentences of 10-20 years' imprisonment under 42 Pa.C.S. §9714, and (2) the court had instructed the DOC to correct the sentences to 10-20 years' imprisonment. On February 11, 2012, Siluk filed an untimely notice of appeal. This Court quashed his appeal at 345 MDA 2012.

On April 17, 2014, Siluk filed a petition for mandamus in the Commonwealth Court at 524 M.D. 2013 requesting an order directing the DOC to recalculate his sentence in accordance with the 10-10 years' imprisonment formula envisioned in his prior PCRA petition—a formula that would have reduced his maximum sentence by thirty years. On June 5, 2014, the Commonwealth Court dismissed Siluk's petition, reasoning that (1) clerical sentencing errors can be corrected at any time, and (2) the DOC properly corrected Siluk's sentences to 10-20 years' imprisonment pursuant to the trial court's request to correct the aforementioned clerical errors. On February 17, 2015, the Supreme Court affirmed at No. 68 MAP 2014.

On August 6, 2015, Siluk filed a petition in the lower court for

> "clarification of sentence", the petition presently under review in this appeal. Once again, Siluk argued that it was illegal to change his flat 10-year sentences to sentences of 10-20 years' imprisonment. The Commonwealth filed a response in opposition to Siluk's motion. On September 2, 2015, the court dismissed Siluk's petition without a hearing. On October 2, 2015, Siluk filed a timely notice of appeal. Both Siluk and the court complied with Pa.R.Crim.P. 1925.

Id. By Memorandum Opinion dated August 9, 2016, the Superior Court treated Siluk's petition as a PCRA petition, dismissed it as "untimely on its face" and because his sentence did not include an "unconstitutional mandatory minimum under Alleyne v. United States, 133 S.Ct. 2151 (2013). Id. The Superior Court further found that "[e]ven if he raised Alleyne *sub silentio*, subsection (iii) does not apply, because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that Alleyne applies retroactively to untimely PCRA petition." Id.

On February 7, 2017, Siluk filed a *pro se* Petition for Writ of *Habeas Corpus Ad Subjiciendum*, arguing that the DOC erroneously interpreted the sentence imposed by the trial court. Commonwealth v. Siluk, No. 804 MDA 2017, unpublished memorandum at 3-5 (Pa. Super. filed Feb. 2, 2018) (hereinafter, "*Siluk I* "). The trial court treated Siluk's February 7, 2017 petition for writ of habeas corpus as an untimely PCRA petition and denied it. Id. On appeal, the Superior Court, in *Siluk I*, supra, first concluded that the

trial court had erred by construing Siluk's habeas petition as a PCRA petition, and that "it was appropriate for Appellant to seek *habeas* relief." Id.

Thus, even affording Petitioner the most liberal tolling period pursuant to 28 U.S.C. §2244(d)(2), the instant petition is grossly untimely. Petitioner's most recent PCRA petition was filed on August 6, 2015 and upheld by the Superior Court on August 9, 2016. Tolling the federal statute through the thirty-day appeal period to the Pennsylvania Supreme Court[2] and the one-year federal period, results in a filing deadline of September 8, 2017. The instant petition was filed on May 18, 2020, almost three years after the latest tolling period date.

**B. Equitable Tolling**

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair. Wood v. Milyard, 566 U.S. 463, 469 n.3 (2012); see also Holland v. Florida, 560 U.S. 631 (2010). "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434

[2] See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 86 (3d Cir. 2013) (citing Pennsylvania Rule of Appellate Procedure 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court")).

F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary

circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner does not set forth any basis to support the application of equitable tolling. In fact, although this Court's September 11, 2020 scheduling Order provided an opportunity to file a reply to Respondent's memorandum, Petitioner neither filed a reply, nor requested an enlargement of time within which to do so.

We now turn to the fundamental miscarriage of justice tolling exception. Although the fundamental miscarriage of justice or "actual innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. McQuiggin v. Perkins, 569 U.S. 383 (2013). McQuiggin made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 399 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence

not presented at trial." Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citing Schlup, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met)." McQuiggin, 569 U.S. at 386.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " Reeves v. Fayette SCI, 897 F.3d 154 (3d Cir. 2018) (quoting McQuiggin, 569 U.S. at 392). Here, Petitioner fails to provide new reliable exculpatory evidence to support an actual innocence claim, and none can be extracted from the claims raised in his petition.

Accordingly, he has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 23, 2021**
20-0812-01